IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JANIE McTEAR,

      Plaintiff,　　　　　　　　　No. CIV S-07-1589 MCE KJM

    vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

      Defendant.　　　　　　　　　FINDINGS & RECOMMENDATIONS

_____/

      Plaintiff[1] seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying applications for Disability Income Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act ("Act"), respectively. For the reasons discussed below, the court recommends plaintiff's motion for summary judgment be granted, the Commissioner's cross-motion for summary judgment be denied, and this action be remanded for immediate payment of benefits.

/////

/////

---

[1] Plaintiff Janie McTear is deceased. By order filed June 9, 2009, plaintiff's daughter, Regina McTear, was substituted in as party plaintiff. References herein to "plaintiff" are to Janie McTear.

1

I. Factual and Procedural Background

  In a decision dated July 29, 2005, the ALJ determined plaintiff was not disabled.[2] The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. The ALJ found plaintiff has severe impairments of severe rheumatoid arthritis, diabetes, and as of November 1, 2003, renal failure, but these impairments do not meet or medically equal a listed impairment until November 1, 2003; plaintiff has the residual functional capacity to perform light work with occasional overhead reaching; plaintiff cannot perform her past relevant work; and prior to November 1, 2003, using the framework of Grid Rule 202.10 and based on the testimony of a vocational expert, plaintiff is not disabled.

---

[2] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq. Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq. Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. See 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

  Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
  Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
  Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
  Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
  Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

1  Administrative Transcript ("AT") 21-22.  Plaintiff contends that the ALJ improperly rejected the
2  opinion of a treating physician.
3  II.  Standard of Review
4        The court reviews the Commissioner's decision to determine whether (1) it is
5  based on proper legal standards under 42 U.S.C. § 405(g), and (2) substantial evidence in the
6  record as a whole supports it.  Copeland v. Bowen, 861 F.2d 536, 538 (9th Cir. 1988) (citing
7  Desrosiers v. Secretary of Health and Human Services, 846 F.2d 573, 575-76 (9th Cir. 1988)).
8  Substantial evidence means more than a mere scintilla of evidence, but less than a
9  preponderance.  Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996) (citing Sorenson v.
10 Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975)).  "It means such relevant evidence as a
11 reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402
12 U.S. 389, 402 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)).
13 The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir.
14 1986), and both the evidence that supports and the evidence that detracts from the ALJ's
15 conclusion weighed.  See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985).  The court may
16 not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence.  Id.;
17 see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If substantial evidence supports
18 the administrative findings, or if there is conflicting evidence supporting a finding of either
19 disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d
20 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was
21 applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).
22 III.  Analysis
23       Plaintiff contends the ALJ improperly rejected the opinion of her treating
24 physician, Dr. Morris.  The weight given to medical opinions depends in part on whether they are
25 proffered by treating, examining, or non-examining professionals.  Lester v. Chater, 81 F.3d 821,
26 830 (9th Cir. 1995).  Ordinarily, more weight is given to the opinion of a treating professional,

1  who has a greater opportunity to know and observe the patient as an individual. Id.; Smolen v.
2  Chater, 80 F.3d 1273, 1285 (9th Cir. 1996).

3        To evaluate whether an ALJ properly rejected a medical opinion, in addition to
4  considering its source, the court considers whether (1) contradictory opinions are in the record,
5  and (2) clinical findings support the opinions. An ALJ may reject an uncontradicted opinion of a
6  treating or examining medical professional only for "clear and convincing" reasons. Lester, 81
7  F.3d at 831. In contrast, a contradicted opinion of a treating or examining professional may be
8  rejected for "specific and legitimate" reasons, that are supported by substantial evidence. Id. at
9  830. While a treating professional's opinion generally is accorded superior weight, if it is
10 contradicted by a supported examining professional's opinion (e.g., supported by different
11 independent clinical findings), the ALJ may resolve the conflict. Andrews v. Shalala, 53 F.3d
12 1035, 1041 (9th Cir. 1995) (citing Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989)). In
13 any event, the ALJ need not give weight to conclusory opinions supported by minimal clinical
14 findings. Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir. 1999) (treating physician's conclusory,
15 minimally supported opinion rejected); see also Magallanes, 881 F.2d at 751. The opinion of a
16 non-examining professional, without other evidence, is insufficient to reject the opinion of a
17 treating or examining professional. Lester, 81 F.3d at 831.

18       In a medical assessment form dated January 25, 2002, plaintiff's treating
19 physician, Dr. Morris, opined plaintiff was limited to lifting ten pounds and could not lift more
20 than that weight even occasionally. AT 343-347. The assessment specifically referenced an
21 evaluation from August 2001, which had been done by another doctor for disability
22 determination. AT 344, 227-230. The state agency physician, based on that evaluation, also
23 concluded plaintiff could lift no more than ten pounds. AT 233-239. Dr. Morris opined to
24 similar limitations again in January 2003. AT 348. The ALJ rejected Dr. Morris's opinion on
25 the basis that the medical records did not contain any objective evidence to support the
26 assessment. AT 19. The record, however, is replete with objective clinical findings including

abnormal lab results, joint tenderness, decreased joint motion, swelling, and leg edema.  AT 244-256, 260, 268, 270, 275, 278,  281, 283, 284, 286, 288, 292, 375, 376, 401, 403, 443, 420-449.  In light of this record, the ALJ failed in his duty to articulate specific and legitimate reasons for rejecting Dr. Morris's opinion.

The remaining question is whether to remand this case to the ALJ or to order the payment of benefits. "The decision whether to remand the case for additional evidence or simply to award benefits is within the discretion of the court." Stone v. Heckler, 761 F.2d 530, 533 (9th Cir. 1985).  Generally, the court will direct the award of benefits "in cases where no useful purpose would be served by further administrative proceedings or where the record has been thoroughly developed." Varney v. Secretary of Health and Human Services, 859 F.2d 1396, 1399 (9th Cir. 1988).

In this case, the ALJ improperly rejected the opinion of treating physician, Dr. Morris.  Where the ALJ "fails to provide adequate reasons for rejecting the opinion of a treating or examining physician, [the court] credit[s] that opinion as a matter of law." Lester v. Chater, 81 F.3d 821, 834 (9th Cir.1995).  If Dr. Morris's opinion is credited, plaintiff is limited to sedentary work.[3]  Under the Medical-Vocational guidelines,[4] Grid Rule 201.09 (sedentary residual functional capacity, closely approaching advanced age, limited education or less,

---

[3] "Sedentary work" is defined by 20 C.F.R. § 404.1567(a)(1996) as follows:

> Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools.  Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties.  Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

[4] The Medical-Vocational Guidelines ("the grids") are in table form.  The tables present various combinations of factors the ALJ must consider in determining whether other work is available. See generally Desrosiers, 846 F.2d at 577-78 (Pregerson, J., concurring). The factors include residual functional capacity, age, education, and work experience.  For each combination, the grids direct a finding of either "disabled" or "not disabled."

1  previous work experience unskilled or none),[5] plaintiff is presumptively disabled as of her fiftieth
2  birthday despite the testimony of the vocational expert that there are sedentary jobs available to
3  plaintiff.  See Cooper v. Sullivan, 880 F.2d 1152 (9th Cir. 1989) (finding of disabled under grids
4  prevails over vocational expert testimony that significant number of jobs are available to
5  plaintiff); cf. Grid Rule 201.18 (with same vocational factors, prior to age 50, plaintiff not
6  disabled); AT 89 (plaintiff's birth date November 9, 2002), 186 (plaintiff amended alleged onset
7  date to her fiftieth birthday), 492 (vocational testimony regarding sedentary jobs available to
8  plaintiff).

9       For the foregoing reasons, this matter should be remanded under sentence four of
10 42 U.S.C. § 405(g) for immediate payment of benefits.[6]

11       Accordingly, IT IS HEREBY RECOMMENDED that:

12       1.  Plaintiff's motion for summary judgment be granted.

13       2.  The Commissioner's cross-motion for summary judgment be denied.

14       3.  This action be remanded to the Commissioner for immediate payment of
15 benefits from November 9, 2002 to October 31, 2003.

16       These findings and recommendations are submitted to the United States District
17 Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within ten
18 days after being served with these findings and recommendations, any party may file written
19 objections with the court and serve a copy on all parties.  Such a document should be captioned
20 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
21 /////
22 /////

---

[5] In finding plaintiff was not disabled prior to November 1, 2003, the ALJ used Grid Rule 202.10 (light residual functional capacity, closely approaching advanced age, limited education or less, previous work experience unskilled or none).

[6] Because plaintiff was paid benefits beginning November 1, 2003, the payment of benefits required under this recommendation is for a limited period.  AT 22.

1  shall be served and filed within ten days after service of the objections.  The parties are advised

2  that failure to file objections within the specified time may waive the right to appeal the District

3  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

4  DATED:  September 30, 2009.

_____
U.S. MAGISTRATE JUDGE

006
mctear.ss